IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT HENDERSON, *et al*.,        )
                                   )
            Plaintiffs,            )
                                   )
vs.                                )        CIV. A. NO. 21-0389-KD-MU
                                   )
TERMINIX INTERNATIONAL CO., LP, *et al*.,   )
                                   )
            Defendants.            )

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs Robert and Diane Henderson's

Motion to Remand this action to the Circuit Court of Baldwin County, Alabama (Doc.

5), Defendants' Opposition to Plaintiffs' Motion to Remand (Doc. 7), and Plaintiffs'

Response to Defendants' Opposition to Motion to Remand (Doc. 8). Plaintiffs' motion

has been referred to the undersigned Magistrate Judge for entry of a report and

recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen LR

72(a)(2)(S). For the reasons set forth herein, the undersigned Magistrate Judge

recommends that Plaintiffs' motion be granted and that this action be remanded to the

Circuit Court of Baldwin County, Alabama.

## I. Relevant Proceedings

On September 9, 2020, Plaintiffs filed their action against The Terminix

International Co., L.P., Terminix International, Inc., and Matt Cunningham in the Circuit

Court of Baldwin County, Alabama, which was docketed as Civil Action Number 05-

CV-2020-901040. (Doc. 1-2). Plaintiffs, Alabama residents, seek recovery from

Defendants based on structural damage to their home caused by termites and the

resulting physical injuries and mental anguish caused by Defendants' actions and/or

inaction with regard thereto. (*Id*.). The named defendants are two Terminix entities

who contracted with Plaintiffs to provide termite control services at their home and the individual licensed/certified pest operator of Terminix in the Baldwin County branch. (*Id*. at p. 2). The two entities are indisputably foreign businesses qualified to do business in Alabama and Cunningham, the individual, is a resident of Alabama. (*Id*.).

Defendants Terminix International Company L.P. and Terminix International, Inc. (collectively "Terminix") filed a notice of removal, pursuant to 28 U.S.C. §§ 1332, removing the action to this Court on September 8, 2021. (Doc. 1). In its notice of removal, Terminix alleged that removal was proper pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiffs and all ***properly joined*** defendants and the amount in controversy exceeds the sum of $75,000. (*Id*. at p. 1). Terminix asserts in its removal notice that the Court should not consider the citizenship of Defendant Cunningham because he has been fraudulently joined solely to defeat diversity jurisdiction. (*Id*.). On September 22, 2021, Plaintiffs moved to remand this case on the ground that Terminix has failed to meet its burden of proving that there is complete diversity of citizenship because they claim that Cunningham, who is indisputably a resident of the same state as Plaintiffs, was not fraudulently joined or otherwise misjoined. (Doc. 5). Thus, the sole issue presented by the motion to remand is whether Terminix has "shown by clear and convincing evidence that no Alabama court could find plaintiffs' complaint [as supplemented by other evidence] sufficient to invoke [the] claims [asserted by the Hendersons]." *Atwood v. Weyerhaeuser USA, Inc.*, Civ. A. No. 09-0379-CG-N, 2010 WL 749337, at *6 (S.D.

Ala. Feb. 26, 2010), quoted in *Dickinson v. Terminix Int'l Co, LP,* 16 F. Supp 3d 1360, 1364 (S.D. Ala. 2014).[1]

## II. <u>ANALYSIS</u>

Because Terminix removed this case to federal court, it has the burden of proving that federal jurisdiction exists. *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998); *Brown v. Endo Pharmaceuticals, Inc.*, 38 F. Supp. 3d 1312, 1321 (S.D. Ala. 2014). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly," and "***all doubts about jurisdiction should be resolved in favor of remand to state court***." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (emphasis added); *see also Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994) (holding that any questions or doubts are to be resolved in favor of returning the case to state court). Generally, federal diversity jurisdiction requires complete diversity between the plaintiffs and the defendants; however, the doctrine of fraudulent joinder "provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998), *quoted in Brown*, 38 F. Supp. 3d at 1321. Terminix claims that the exception applies here and, because Cunningham was fraudulently joined, federal jurisdiction is proper in this case based on diversity of citizenship. (Doc. 1).

---

[1] The parties do not dispute that the amount in controversy requirement has been met, nor do they dispute the timeliness of Defendants' removal.

## A. <u>Fraudulent Joinder Standard</u>

The legal standard to establish fraudulent joinder in this district was succinctly set forth in *McKenzie v. Janssen Biotech, Inc.*, Civ. A. 17-0111-WS-B, 2017 WL 2670738 (S.D. Ala. June 21, 2017):

> "In a removal case alleging fraudulent joinder, ***the removing party has the burden of proving that ... there is no possibility the plaintiff can establish a cause of action against the resident defendant.***" *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) (citation omitted); *see also Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) ("To establish fraudulent joinder, the removing party has the burden of proving by clear and convincing evidence that ... there is no possibility the plaintiff can establish a cause of action against the resident defendant") (citation and internal marks omitted).
>
> "***The burden of establishing fraudulent joinder is a heavy one.***" *Pacheco de Perez*, 139 F.3d at 1380; *see also Stillwell*, 663 F.3d at 1332 (similar). ***"If there is even a possibility that a state court would find that the complaint states a cause of action against ... the resident defendant [ ], the federal court must find that the joinder was proper and remand the case to the state court.***" *Stillwell*, 663 F.3d at 1333 (citations omitted); *see also Pacheco de Perez*, 139 F.3d at 1380 ("Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court."). Thus, ***the plaintiff "need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.***" *Stillwell*, 663 F.3d at 1333 (citation omitted); *see also Ullah v. BAC Home Loans Servicing LP*, 538 F. App'x 844, 846 (11th Cir. 2013) (adopting the "even a possibility" formulation and explaining that "[t]he standard for evaluating whether the plaintiff can establish a cause of action against the resident defendant is very lenient").
>
> ***Significantly, the fraudulent joinder standard differs from, and is less stringent than, the Twombly/Iqbal "plausibility" test that governs motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.*** *See Kimball v. Better Business Bureau of West Florida*, 613 F. App'x 821, 823 (11th Cir. 2015) ("Notably, the standard for assessing fraudulent joinder differs from the one used for Rule 12(b)(6) motions to dismiss [.]"). Whereas the *Twombly* test "asks for more than a sheer possibility that a defendant has acted unlawfully, ... all that is required to defeat a fraudulent joinder claim is a possibility of stating a valid cause of action." *Stillwell*, 663 F.3d at 1333 (citations omitted). Unlike the plausibility test that governs Rule 12(b)(6) motions in federal court, the Eleventh Circuit utilizes a possibility test for fraudulent joinder that incorporates pleading standards applicable in state court.

Under Alabama law, "dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief." *Stovall v. Universal Const. Co.*, 893 So. 2d 1090, 1101 (Ala. 2004) (citations omitted); *see also Ex parte Austal USA, LLC*, —— So.3d ——, 2017 WL 836567, *5 (Ala. Mar. 3, 2017) ("a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief") (citation and internal quotation marks omitted); *Mooneyham v. State Bd. of Chiropractic Examiners*, 802 So. 2d 200, 203 (Ala. 2001) ("[m]otions to dismiss under Rule 12(b)(6) should be granted sparingly") (citation omitted). Thus, Alabama law provides that "[t]he dismissal of a complaint is not proper if the pleading contains even a generalized statement of facts which will support a claim for relief." *McKelvin v. Smith*, 85 So. 3d 386, 389 (Ala. Civ. App. 2010) (citations and internal quotation marks omitted). The fraudulent joinder analysis in this case proceeds in recognition of that legal standard.

2017 WL 2670738, at *3-4 (footnotes omitted) (emphasis added).

## B.  Application of Fraudulent Joinder Standard

In evaluating a claim of fraudulent joinder, the district court must "resolve all questions of fact ... in favor of the plaintiff." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). Additionally, and particularly relevant to the instant action, any uncertainties about substantive state law must also be resolved in favor of the plaintiff. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). In *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998), the Eleventh Circuit held that joinder is fraudulent in three situations: (1) when there is no possibility that the plaintiff can prove a cause of action against the resident defendant; (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts; and (3) when a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant. In the instant case,

Defendants rely solely on the first prong of the *Triggs* analysis, arguing that there is no possibility that Plaintiffs can prove a cause of action against Cunningham.

In response to this argument, Plaintiffs have identified at least two theories of recovery against Cunningham that they contend are possibly viable under Alabama law – 1) negligent and/or wanton failure to supervise and train employees and 2) fraudulent concealment of material information. Plaintiffs have alleged that every pest control operator in Alabama is required to have at each of its locations an individual pest control operator who is certified and licensed by the Alabama Department of Agriculture and Industries ("ADAI") and who is individually responsible under ADAI's regulations for compliance with those regulations. (Doc. 1-2 at p. 9). According to their complaint, Cunningham is the individual licensee of the Baldwin County branch office and, as such, has personal and non-delegable duties to oversee and supervise the quality of work performed by the employees, technicians, and inspectors in his branch to ensure that their work meets the requirements of Alabama statutes and regulations for the performance of structural pest control services. (*Id*. at p. 10). Plaintiffs assert that Cunningham failed to train and/or supervise technicians at the Baldwin County branch in their inspection activities and in their retreatment obligations and that such a failure resulted in the damages being claimed in this action. (*Id.* at pp. 43-44).

Defendants counter that the complaint fails to state any claim plausible under Alabama law because any duties that Terminix and by extension Cunningham owe Plaintiffs arise from a contractual relationship and any purported regulatory duties are imported into the contract. Therefore, Plaintiffs' claim is contractual, not tortious and the proper avenue of redress is a breach of contract claim against Terminix, not

a negligent supervision/training claim against Cunningham. Defendants further argue that a recent decision from a sister federal court in Alabama, *Sellew v. Terminix Int'l Co., LP,* Case No. 2:17-cv-01926-RDP, 2020 WL 1083148 (N.D. Ala. Mar. 6, 2020), that addressed a summary judgment motion in a case that did not involve an individual defendant, has changed the status of Alabama state law with regard to this claim and supports their argument.

As set forth above, under the applicable law, the defendant must prove by clear and convincing evidence that there is no possibility that the plaintiff could prevail in any court in this state. *See Dickinson,* 16 F. Supp. 3d at 1364. "If there is even a possibility that a state court would find that the complaint states a cause of action against [Cunningham]," Defendant's argument fails. *See Stillwell*, 663 F.3d at 1333 (citations omitted).

In the instant case, as in *Aust* and *Dickinson,* Plaintiffs have alleged that Cunningham, by virtue of his non-delegable responsibility as the licensed permittee/certified operator for overseeing and supervising the work performed by Terminix's technicians, had an independent duty for which the breach thereof could result in his independent liability for negligent training and supervision. Plaintiffs allege that Alabama statutory regulations governing the pest control industry in Alabama imposed a statutory duty on Cunningham, as the designated "certified operator," to oversee, supervise, and ensure the quality of work performed on Plaintiffs' home by Terminix's technicians and to ensure compliance with state pest control laws. (Doc. 1-2 at pp. 3, 9-10). Thus, Plaintiffs seek to hold Cunningham, the licensed permittee/certified operator directly liable for breaching his statutory duty to oversee, supervise, and ensure the quality of work performed on Plaintiffs' home pursuant to

Alabama's Termite Code, ALA. CODE § 2-28-1, *et seq.* (the "Termite Code") and the rules and regulations promulgated by the ADAI pursuant to the Termite Code, ALA. ADMIN. CODE r. 80-10-9-.01, *et seq*.

The facts alleged in the instant case are substantially similar to those alleged in *Aust* and *Dickinson.* In both of those cases, the court found no Alabama caselaw directly addressing whether the statutory duties imposed by the laws governing the pest control industry support a claim for independent liability of the licensed permittee/certified operator and found that a review of Alabama authority supported the possibility of such a claim being viable. *See Aust v. Terminix Int'l Co., LP,* Civ. A. No. 13-00629-KD-B, 2014 WL 1900676, at *3-6 (S.D. Ala. May 13, 2014); *Dickinson,* 16 F. Supp. 3d at 1365-69. "A dearth of decisions normally indicates that the applicable state substantive law is unsettled. And 'remand is favored where the applicable state substantive law is unsettled.'" *Dickinson,* 16 F. Supp. 3d at 1368 (quoting *Headwaters, LLC ex rel. Head v. Dawes Lake, LLC,* Civ. A. No. 13-0291-CG-N, 2013 WL 4519198, at *7 n.13 (S.D. Ala. Aug. 26, 2013)). Neither party has directed the Court to nor has the Court found any Alabama authorities that have settled this issue since the holdings in *Aust* and *Dickinson.* Defendants have argued that this Court should follow the decision in *Sellew,* 2020 WL 1083148. However, the Court does not find *Sellew*, which was decided by another federal district court, persuasive for several reasons; that case was before the court on a motion for summary judgment, not a motion to remand, that case did not involve an individual defendant, and, most notably, that court did not point to any new developments in Alabama law that would alter the holdings in *Aust* and *Dickinson.* This Court finds the *Aust* and

*Dickinson* holdings to be controlling here.[2]  Defendants have not carried their burden of proving that there is no possibility that Plaintiffs have stated a claim against Cunningham under Alabama law and have, therefore, not proven that Cunningham was fraudulently joined.

### III. CONCLUSION

Because Cunningham, the individual Defendant, is not diverse from Plaintiffs and because Terminix has failed to prove that Cunningham was fraudulently joined, the requirements for diversity, and thus, federal jurisdiction have not been met. It is therefore **RECOMMENDED** that Plaintiffs' motion to remand be **GRANTED** and that this case be **REMANDED** to the Circuit Court of Baldwin County, Alabama.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal

_____
[2] Because a decision as to whether Plaintiffs' claim of fraudulent concealment against Cunningham is possible under Alabama law is not necessary here, the Court has elected to forego that analysis of state law.

for plain error, if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **10th** day of **November, 2021**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**